# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TYLER LEGER-BROSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-10585 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PEABODY, DAVID P. | ) | |
| McGOVERN, JAMES HARKINS, ANTONIO | ) | |
| SANTOS, SCOTT PASZKOWSKI, ROBERT | ) | |
| WAUGH, and AS-YET UNKNOWN | ) | |
| PEABODY POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, TYLER LEGER-BROSKEY, complains of Defendants CITY OF PEABODY, DAVID P. McGOVERN, JAMES HARKINS, ANTONIO SANTOS, SCOTT PASZKOWSKI, ROBERT WAUGH, and other AS-YET UNKNOWN PEABODY POLICE OFFICERS, as follows:

## Introduction

1.     When Plaintiff Tyler Leger-Broskey was a 16-year old boy, he was assaulted by Defendants McGovern, Harkins, Santos, Paszkowski, Waugh, and other unknown Peabody Police officers. Defendants had no lawful reason to use force on this boy. They did so only because they became angry when Tyler exercised his right not to answer their questions.

2.     Defendants beat Tyler so fiercely that he suffered a traumatic brain injury. Soon after his head injury and to this day, Tyler has experienced multiple

1

seizures. Those seizures are symptoms of epilepsy, which was caused by Defendants' beating.

3.      To cover up the unjustified assault, Defendants falsely claimed that Tyler was disorderly, resisted arrest, and committed assault and battery on a police officer. They made these allegations knowing that Plaintiff was innocent of the charges and that there was no probable cause to institute them.

4.      This action is brought under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

5.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

6.      Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in Essex County, Massachusetts, Defendant City of Peabody is a municipal corporation in Essex County, Massachusetts and the events giving rise to the claims asserted herein all occurred within this district.

## Parties

7.      Plaintiff Tyler Leger-Broskey is a resident of Middlesex County, Massachusetts.

8.      Defendants David P. McGovern, James Harkins, Antonio Santos, Scott Paszkowski, and Robert Waugh (collectively "Individual Defendants") were Peabody police officers at all times relevant to this action, acting under color of law and

within the scope of their employment as Peabody police officers.

9.      The City of Peabody is a Massachusetts municipal corporation with its principal place of business in Peabody, Massachusetts.

## Facts

10.      On March 28, 2015, Plaintiff Tyler Leger-Broskey and a friend went to the McDonald's restaurant at 133 Main Street, Peabody, Massachusetts.

11.      Unknown to Plaintiff, an employee of the McDonald's called the police to complain about Plaintiff's friend's behavior.

12.      Plaintiff and his friend voluntarily left the McDonald's before any police officer arrived.

13.      As Plaintiff and his friend were walking down the street, Defendants McGovern and Santos stopped them.

14.      Without any lawful justification, Defendants McGovern and/or Santos violently threw Plaintiff against a wall.

15.       That assault caused Plaintiff injury and pain.

16.      When this initial assault happened, Plaintiff had done nothing wrong and had answered all of the officers' questions, including showing Defendants his driver's license.

17.      Plaintiff and his friend decided to return to the McDonald's restaurant because when he was thrown into the wall, Plaintiff's clothes were dirtied by food that he was carrying.

18.      No officer had told Plaintiff that anyone at the McDonald's restaurant

3

had said he was not welcome back there.

19.     Plaintiff cleaned his clothes in the McDonald's restaurant bathroom and prepared to leave.

20.     As Plaintiff tried to leave the restaurant, Defendant McGovern prevented him from leaving and began interrogating Plaintiff.

21.     Plaintiff asked why he had to answer those questions and noted that he had a right not to answer.

22.     In response to Plaintiff invoking his rights, Defendant McGovern and/or Santos became enraged and tackled Plaintiff to the floor pushing him into the restaurant bathroom.

23.     Defendants McGovern, Santos, and/or the remaining Individual Defendants (who had arrived on the scene) repeatedly struck Plaintiff while he was being held down on the floor. Those Defendants also struck Plaintiff's head on the floor of the bathroom.

24.     At no time during the encounter did Plaintiff attempt to strike any officer. His only movement was in trying to protect himself from Defendants' multiple blows.

25.     Despite the fact that Plaintiff posed no threat and had already been beaten about his body and head by the Individual Defendants, Defendant McGovern sprayed Plaintiff with pepper spray.

26.     The beating that was administered on this 16-year old boy by the Individual Defendants was unlawful and undertaken with no justification.

Nevertheless, the Individual Defendants who did not participate in the beating did nothing to intervene to stop it.

27.     On information and belief, the Peabody Police Department was previously made aware of allegations that Defendant McGovern had issues with responding to anger with violence, yet did nothing to protect members of the public from that violence.

28.     Compounding the violence done on Plaintiff's body, the Individual Defendants set about fabricating evidence to shield themselves from scrutiny for having battered a 16 year old boy.

29.     The individual Defendants created false police reports that intentionally misrepresented the facts.

30.     The individual Defendants alleged falsely that Plaintiff had resisted arrest, committed assault and battery, and been disorderly. None of those allegations were true.

31.     Each Defendant failed to take action to prevent his fellow officers from presenting fabricated evidence in the effort to have Plaintiff arrested and/or prosecuted.

32.      In fact, all that Plaintiff had done was to assert his right to remain silent. In response to that, Defendants savagely beat him and lied in order to bring false charges against him.

33.      All charges against Plaintiff were subsequently dismissed in a matter indicative of innocence .

**Plaintiff's Damages**

34.    As a result of the Individual Defendants' beating of him, Plaintiff suffered severe physical injuries, including but not limited to a traumatic brain injury. These damages continue.

35.    The brain injury caused by the Individual Defendants led Plaintiff to suffer from subsequent seizures and/or epilepsy.  These damages continue.

36.    The Individual Defendants' beating of Plaintiff further caused him serious emotional pain and suffering and continues to do so.

37.    As a result of Defendants' fabrication of evidence against him in order to institute false charges against Plaintiff, he was denied his liberty and subjected to possible criminal penalties for crimes he never committed and for which there was no probable cause to believe that he did.

38.    The unlawful arrest and prosecution for crimes he did not commit caused Plaintiff both physical injuries and emotional pain and suffering, all of which continue to this day.

## Count I—42 U.S.C. § 1983
### Excessive Force

39.    Each paragraph of this Complaint is incorporated as if restated fully herein.

40.    As described in this Complaint, the conduct of Defendants McGovern, Santos, and/or the other Individual Defendants toward Plaintiff constituted excessive force in violation of the United States Constitution.

41.    The misconduct described in this Count was objectively unreasonable

and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

42.    The misconduct described in this Count was undertaken under the policy and practice of the City of Peabody, such that Defendant City of Peabody is also liable, in that:

a.    As a matter of both policy and practice, the City of Peabody encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference. On information and belief, Defendant City of Peabody failed to adequately train, supervise, control, or discipline its officers. For instance, on information and belief, Defendant City of Peabody became aware of evidence that Defendant McGovern had a problem with engaging in violence when becoming angry, yet failed to take any action to train, supervise, control, or discipline McGovern to ensure he would not unlawfully commit acts of violence against citizens. Nor did the City of Peabody institute any policy or practice to remedy its deficiency after becoming aware of any of those issues.

b.    As a matter of both policy and practice, the City of Peabody facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Peabody police officers to believe their actions will never be meaningfully scrutinized and, in that way, directly encouraging future abuses such as those Plaintiff complains of.

43.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth herein.

### Count II – 42 U.S.C. § 1983
### Federal Malicious Prosecution

44.    Plaintiff incorporates each paragraph of this Complaint as if fully restated fully herein.

45.    In the manner described above, Defendants, acting as law enforcement officers, individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent.

46.    In doing so, Defendants caused Plaintiff to be unreasonably seized without probable cause and deprived of his liberty, in violation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments.

47.    The false judicial proceedings against Plaintiff were instituted and continued maliciously, resulting in injury.

48.    Defendants deprived Plaintiff of fair state criminal proceedings, including the chance to defend himself during those proceedings, resulting in a deprivation of his liberty, and Massachusetts law does not provide an adequate

state-law tort remedy to redress that harm.

49.     In addition, Defendants subjected Plaintiff to arbitrary governmental action that shocks the conscience in that Plaintiff was deliberately and intentionally framed for a crime of which he was totally innocent, through Defendants' fabrication and suppression of evidence.

50.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

51.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth herein.

52.     All judicial proceedings against Plaintiff were terminated in his favor, in a manner indicative of his innocence.

53.     Defendants' misconduct described in this Count was undertaken under the policies, practices, and customs of Defendant City of Peabody and by Defendants who were final policymakers for Defendant City of Peabody, in the manner more fully described herein.

### Count III – 42 U.S.C. § 1983
### False Arrest

54.     Plaintiff incorporates each paragraph of this Complaint as if fully restated fully herein.

55.     Defendants' misconduct caused Plaintiff to be detained without cause or legal justification. As described more fully herein, the Defendants' misconduct caused Plaintiff to be unlawfully and unreasonably arrested without probable cause or justification.

56.     This misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

57.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth herein.

58.     Defendants' misconduct described in this Count was undertaken under the policies, practices, and customs of Defendant City of Peabody and by Defendants who were final policymakers for Defendant City of Peabody, in the manner more fully described herein.

## COUNT IV – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

59.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

60.     After the beating of Plaintiff, Defendants, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for assault and battery of a police officer, disorderly conduct, and resisting arrest, crimes that Plaintiff did not commit, and thereby to deprive him of

his constitutional rights, all as described in the various paragraphs of this

Complaint.

61.    In so doing, these co-conspirators conspired to accomplish an unlawful

purpose by an unlawful means. In addition, these co-conspirators agreed among

themselves to protect one another from liability for depriving Plaintiff of these

rights.

62.    In furtherance of their conspiracy, each of these co-conspirators

committed overt acts and were otherwise willful participants in joint activity.

63.    The misconduct described in this Count was objectively unreasonable

and was undertaken intentionally, with malice, with reckless indifference to the

rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

64.    As a result of Defendants' misconduct described in this Count, Plaintiff

suffered loss of liberty, great mental anguish, humiliation, degradation, physical and

emotional pain and suffering, and other grievous and continuing injuries and

damages as set forth herein.

65.    Defendants' misconduct described in this Count was undertaken under

the policies, practices, and customs of Defendant City of Peabody and by Defendants

who were final policymakers for Defendant City of Peabody, in the manner more

fully described herein.

**Count V – 42 U.S.C. § 1983**
**Failure to Intervene**

66.    Each paragraph of this Complaint is incorporated as if restated fully

herein.

67.     In the manner described herein, during the constitutional violations, one or more Individual Defendants and/or Unknown City of Peabody Police Officers stood by without intervening to prevent the misconduct.

68.     As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These officers had a reasonable opportunity to prevent this harm, but failed to do so.

69.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

70.     The misconduct described in this Count was undertaken under Peabody's policy and practice in the manner described in this Complaint.

## Count VI – State-Law Claim–Battery[1]

71.     Each paragraph of this Complaint is incorporated as if restated fully herein.

72.     As described above, the Individual Defendants intentionally used unlawful force against Plaintiff, directly resulting in harmful or offensive contact.

73.     In using force against Plaintiff, the Individual Defendants intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

---

[1] Plaintiff presented his state-law claims included in this Complaint to Defendants, as required by Massachusetts law, on March 24, 2017.

74.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

75.    As a proximate result of this misconduct, Plaintiff suffered severe physical pain and emotional distress, and anguish.

## COUNT VII — State-Law Claim
## Malicious Prosecution

76.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

77.    In the manner described above, Defendants, acting as law enforcement agents, individually, jointly, or in conspiracy with one another, as well as within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate and to continue and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent.

78.    In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

79.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

80.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and

emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

81.     All judicial proceedings against Plaintiff were terminated in his favor, in a manner indicative of his innocence.

## COUNT VIII — State-Law Claim
### Negligence

82.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

83.     Defendants owed Plaintiff a duty to refrain from framing him for a crime he did not commit.

84.     In the manner described more fully above, the actions, omissions, and conduct of Defendants breached this duty.

85.     The misconduct described in this Count was objectively unreasonable and was undertaken in total disregard of the truth and Plaintiff's clear innocence.

86.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth herein.

## COUNT IX – State-Law Claim
### Intentional Infliction of Emotional Distress

87.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

88.     The actions, omissions, and conduct of Defendants as set forth herein were extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged herein.

89.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical injury, emotional distress and other grievous and continuing injuries and damages as set forth herein. The emotional distress suffered by Plaintiff was and is severe and no reasonable person could be expected to endure it.

## COUNT X – State-Law Claim
### Negligent Infliction of Emotional Distress

90.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

91.     Defendants owed Plaintiff a duty to refrain from beating him without a legal justification and from framing him for crimes he had not committed.

92.     In the manner described more fully above, the actions, omissions, and conduct of Defendants breached this duty.

93.     The misconduct described in this Count was objectively unreasonable.

94.     It was reasonably foreseeable that Defendants' actions would cause any reasonable person, including Plaintiff, emotional distress.

95.     A reasonable person would have suffered the emotional distress under

15

these circumstances

96.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical injury (as demonstrated by objective symptomology), emotional distress, and other injuries.

## COUNT XI – State-Law Claim
## Mass. Gen. Laws, Ch. 12, § 11I

97.     Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

98.     Defendants interfered with Plaintiff's exercise and enjoyment of rights guaranteed to him by the U.S. Constitution and the constitution and laws of the Commonwealth of Massachusetts by beating him and fabricating false evidence against him.

99.     Defendants' misconduct deprived Plaintiff of his rights under federal and state law by use of threats, intimidation, and coercion, thereby violating the Massachusetts Civil Rights Act.

100.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical injury, emotional distress, and other injuries.

## COUNT XII – State-Law Claim
## Civil Conspiracy

101.    Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

102.    As described more fully in the preceding paragraphs, Defendants,

16

acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for a crime he did not commit and conspired by concerted action to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

103.    In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

104.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's clear innocence.

105.    As a result of Defendants' misconduct described in this Count, Plaintiff suffered physical injury,  loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

### Count XIII — State-Law Claim
#### *Respondeat Superior*

106.    Each paragraph of this Complaint is incorporated as if restated fully herein.

107.    While committing the misconduct alleged in the preceding paragraphs, Defendants were employees, members, and agents of the City of Peabody, acting at all relevant times within the scope of their employment.

108.    Defendant City of Peabody is a principal liable for all torts committed by

its agents.

## Count XIV – State-Law Claim
### Indemnification

109.    Each of the Paragraphs of this Complaint is incorporated as if fully stated herein.

110.    Massachusetts law provides that public entities are to pay tort judgments for which employees are liable within the scope of their employment activities.

111.    During all times relevant to this complaint, the Individual Defendants were employees of the Peabody Police Department, who acted within the scope of their employment in committing the acts described herein.


WHEREFORE, Plaintiff, TYLER LEGER-BROSKEY, respectfully requests that this Court enter judgment in his favor and against Defendants DAVID P. McGOVERN, JAMES HARKINS, ANTONIO SANTOS, SCOTT PASZKOWSKI, ROBERT WAUGH, UNKNOWN CITY OF PEABODY POLICE OFFICERS, and CITY OF PEABODY, awarding compensatory damages and attorneys' fees, as well as punitive damages against Defendants DAVID P. McGOVERN, JAMES HARKINS, ANTONIO SANTOS, SCOTT PASZKOWSKI, ROBERT WAUGH, and UNKNOWN CITY OF PEABODY POLICE OFFICERS, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, TYLER LEGER-BROSKEY, hereby demands a trial by jury under

Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED

By      /s/ Debra Loevy
        *One of Plaintiff's Attorneys*

Jon Loevy*
Arthur Loevy*
Debra Loevy
Mark Loevy-Reyes*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
(312) 243-5902
jon@loevy.com
arthur@loevy.com
debra@loevy.com
mark@loevy.com

* Motions to appear *pro hac vice* in this case on behalf of Jon Loevy, Arthur Loevy and Mark Loevy-Reyes shall be filed concurrently with or shortly after the filing of this Complaint.